# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**TEVIN KOOSMAN**                                 **CIVIL ACTION NO.**

**VERSUS**                                         **17-183-BAJ-EWD**

**LIBERTY MUTUAL FIRE INSURANCE**
**COMPANY**

### *APPLIES TO:*

| | |
|---|---|
| 3:18-cv-00122-BAJ-EWD | *Brenda Strahorn v. Liberty Mutual Fire Insurance Company* |
| 3:17-cv-01222-BAJ-EWD | *Terri Holloway v. Liberty Mutual Fire Insurance Company* |
| 3:17-cv-01228-BAJ-EWD | *Gregory Allen Perkins and Patti Jo G. Perkins v. Liberty Mutual Fire Insurance Company* |
| 3:17-cv-01233-BAJ-EWD | *Jason and Angela Armstrong v. Liberty Mutual Fire Insurance Company* |
| 3:17-cv-01235-BAJ-EWD | *Kristy and Michael Poynor v. Liberty Mutual Fire Insurance Company* |
| 3:17-cv-01241-BAJ-EWD | *Lisa and Isaiah Reed v. Liberty Mutual Fire Insurance Company* |
| 3:17-cv-01246-BAJ-EWD | *Gerald and Gerene Ann Depino v. Liberty Mutual Fire Insurance Company* |
| 3:17-cv-01253-BAJ-EWD | *Frederick T. Merritt and Brianne Adams v. Liberty Mutual Fire Insurance Company* |
| 3:17-cv-01265-BAJ-EWD | *Phillip James, Jr. and Suzette B. James v. Liberty Mutual Fire Insurance Company* |
| 3:17-cv-01266-BAJ-EWD | *Douglas and Laura Bresee v. Liberty Mutual Fire Insurance Company* |
| 3:17-cv-01303-BAJ-EWD | *Sheila Smith v. Liberty Mutual Fire Insurance Company* |
| 3:17-cv-01308-BAJ-EWD | *Sheila A. Landry v. Liberty Mutual Fire Insurance Company* |
| 3:17-cv-01310-BAJ-EWD | *Richard Jefferson v. Liberty Mutual Fire Insurance Company* |
| 3:17-cv-01312-BAJ-EWD | *Eric and Hacie Savoy Neal v. Liberty Mutual Fire Insurance Company* |
| 3:17-cv-01477-BAJ-EWD | *Martha Louis Duvall v. Liberty Mutual Fire Insurance Company* |
| 3:17-cv-01496-BAJ-EWD | *John and Jane Ampim v. Liberty Mutual Fire Insurance Company* |
| 3:17-cv-01498-BAJ-EWD | *Paul Sike v. Liberty Mutual Fire Insurance Company* |

**MICHELLE BOTOS**                                    **CIVIL ACTION NO.**

**VERSUS**                                            **17-495-BAJ-EWD**

**HARTFORD INSURANCE COMPANY
OF THE MIDWEST, ET AL.**

*APPLIES TO:*

| | |
|---|---|
| 3:17-cv-01071-BAJ-EWD | *Ross v. Hartford Insurance Company of the Midwest* |
| 3:17-cv-01072-BAJ-EWD | *Aubin v. Hartford Insurance Company of the Midwest* |
| 3:17-cv-01073-BAJ-EWD | *Weary v. Hartford Insurance Company of the Midwest* |
| 3:17-cv-01074-BAJ-EWD | *Smith v. Hartford Insurance Company of the Midwest* |
| 3:17-cv-01075-BAJ-EWD | *Ash v. Hartford Insurance Company of the Midwest* |
| 3:17-cv-01076-BAJ-EWD | *Landry v. Hartford Underwriters Insurance Company* |
| 3:17-cv-01077-BAJ-EWD | *Wright v. Hartford Insurance Company of the Midwest* |
| 3:17-cv-01078-BAJ-EWD | *Banks v. Hartford Insurance Company of the Midwest* |
| 3:17-cv-01079-BAJ-EWD | *Mitchell v. Hartford Insurance Company of the Midwest* |
| 3:17-cv-01080-BAJ-EWD | *Hawkins v. Hartford Insurance Company of the Midwest* |
| 3:17-cv-01082-BAJ-EWD | *Martinez v. Hartford Insurance Company of the Midwest* |
| 3:17-cv-01086-BAJ-EWD | *Burkhalter v. Hartford Insurance Company of the Midwest* |
| 3:17-cv-01087-BAJ-EWD | *Smith v. Hartford Insurance Company of the Midwest* |
| 3:17-cv-01089-BAJ-EWD | *Landry v. Hartford Insurance Company of the Midwest* |
| 3:17-cv-01091-BAJ-EWD | *Knight v. Hartford Insurance Company of the Midwest* |
| 3:17-cv-01092-BAJ-EWD | *Collums v. Hartford Insurance Company of the Midwest* |
| 3:17-cv-01108-BAJ-EWD | *Hall v. Hartford Insurance Company of the Midwest* |
| 3:17-cv-01110-BAJ-EWD | *Mannino v. Hartford Insurance Company of the Midwest* |
| 3:17-cv-01351-BAJ-EWD | *Nguyen v. Hartford Insurance Company of the Midwest* |
| 3:17-cv-01353-BAJ-EWD | *Brecheen v. Hartford Underwriters Insurance Company* |
| 3:17-cv-01432-BAJ-EWD | *Tate v. Hartford Insurance Company of the Midwest* |
| 3:17-cv-01433-BAJ-EWD | *Perkins v. Hartford Insurance Company of the Midwest* |

**KENNETH J. SMILEY**                                      **CIVIL ACTION NO.**

**VERSUS**                                                         **17-1094-JWD-EWD**

**NEW HAMPSHIRE INSURANCE COMPANY**

*APPLIES TO:*

| | |
|---|---|
| 3:17-cv-01342-JWD-EWD | *Twinkle Daniels v. New Hampshire Insurance Company* |
| 3:17-cv-01344-JWD-EWD | *Thomas R. Dickson v. New Hampshire Insurance Company* |
| 3:17-cv-01345-JWD-EWD | *Raymond and Grace Brashier v. New Hampshire Insurance Company* |
| 3:17-cv-01389-JWD-EWD | *Curtis Rouyea v. New Hampshire Insurance Company* |
| 3:17-cv-01392-JWD-EWD | *Sheila and Randall Defatta v. New Hampshire Insurance Company* |
| 3:17-cv-01401-JWD-EWD | *John and Adrienne Thomas v. New Hampshire Insurance Company* |

**ROBERT "BOBBY" AND TINA ANNISON**            **CIVIL ACTION NO.**

**VERSUS**                                                         **17-1629-SDD-EWD**

**METROPOLITAN PROPERTY AND
CASUALTY INSURANC COMPANY**

*APPLIES TO:*

| | |
|---|---|
| 3:17-cv-01629- SDD-EWD | *Robert and Tina Annison vs. Metropolitan Property and Casualty Insurance Company* |
| 3:17-cv-01630- SDD-EWD | *Kevin Myers vs. Metropolitan Property and Casualty Insurance Company* |
| 3:17-cv-01631- SDD-EWD | *Pedro Silva and Maria Luz Silva vs. Metropolitan Property and Casualty Insurance Company* |
| 3:17-cv-01693- SDD-EWD | *Maurice and Lesley Spranley vs. Metropolitan Property and Casualty Insurance Company* |

JONATHAN SLAUGHTER                       **CIVIL ACTION NO.**

**VERSUS**                                 **17-1652-SDD-EWD**

**IMPERIAL FIRE & CASUALTY
INSURANCE COMPANY**

*APPLIES TO:*

3:17-cv-01652-SDD-EWD    *Slaughter v. Imperial Fire and Casualty Insurance Company*
3:17-cv-01653-SDD-EWD    *Jackson v Imperial Fire and Casualty Insurance Company*

---

**DISCOVERY CONFERENCE REPORT AND ORDER**

The parties participated in an in-person discovery conference with the undersigned on October 1, 2018.

> **PRESENT:**  **John D. Carter**             **William T. Treas**
>                  **Rajan Pandit**           Counsel for certain consolidated
>                  **Phillip Sanov**           defendants**,**
>                  Counsel for certain consolidated    Liberty Mutual Fire Ins. Co.,
>                  plaintiffs                     Hartford Ins. Co. of the Midwest,
>                                          New Hampshire Ins. Co.,
>                                          Metropolitan Prop. and Cas. Ins. Co.,
>                                          and Imperial Fire & Cas. Ins. Co.

The issues raised in the Motions for Discovery Conferences (the "Motions"), filed by defendants Liberty Mutual Fire Insurance Company, Hartford Insurance Company of the Midwest, New Hampshire Insurance Company, Metropolitan Property and Casualty Insurance Company and Imperial Fire & Casualty Company (collectively "Defendants") were discussed. Counsel for Defendants raised three primary deficiencies with the plaintiffs' disclosures under the Limited Scheduling Order in the above-listed cases:

1) The productions do not provide the information required under Paragraph I(A)(2) of the Limited Scheduling Order, to wit: "The complete name of each insurer and policy number for each policy of insurance held by, or potentially benefitting the Plaintiff

and/or property on the date of the loss, and all claim numbers for any claims made for losses relating to the August 2016 flood.  Also, a list of any other lawsuits filed by Plaintiff related to the property at issue arising out of the August 2016 flood."

2) The productions do not provide all documentation supporting or evidencing the claimed loss, as required under Paragraph I(A)(7)(a) of the Limited Scheduling Order.

3) Plaintiffs have not provided documentation of any payments received because of the August 2016 flood to date from federal, state or local governmental programs.

Regarding the first item, counsel for the plaintiffs advised that they are already in the process of providing supplemental responses to give additional information regarding insurance policies in effect for the plaintiffs and/or the properties, whether or not the plaintiffs actually made claims under the policies.  To the extent a plaintiff did make a claim under another policy of insurance, that claims information will also be provided.

As to the third item, counsel for Defendants requested that the plaintiffs provide a certification if they did not receive any funds from any other source, as set out in Paragraph I(A)(7)(a).  Counsel for the plaintiffs agreed.

Regarding the second issue, counsel agreed that it would be beneficial to give the plaintiffs additional time to gather whatever additional information they may have to support their claims. After discussion, counsel agreed to 21 days for the plaintiffs to provide supplementary disclosures and that Defendants will have thirty days following the conclusion of the 21 day period granted to plaintiffs to provide responses to plaintiffs' settlement demands in these matters.

**IT IS HEREBY ORDERED** that by no later than **October 23, 2018**, the plaintiffs in the above-listed cases shall provide the following information to the appropriate defendant to the extent such information has not already been provided: 1) information regarding insurance policies

in effect for the plaintiffs and/or the properties, whether or not the plaintiffs actually made claims under those policies.  To the extent a plaintiff did make a claim under another policy of insurance, that claims information will also be provided; 2) documentation of any payments received on account of the August 2016 flood to date from federal, state or local governmental programs, or, if no such payments were received, a certification by counsel to that effect; and 3) any additional information plaintiffs may have to support their claims, including receipts, invoices, canceled checks, etc.  Plaintiff will also provide any additional information regarding who conducted repairs to the property, when such repairs were done, and the cost of any completed repairs.

**IT IS FURTHER ORDERED** that, in the above-listed cases, the time for Defendants to provide a response to the plaintiffs' settlement demands under Paragraph VIII of the Limited Scheduling Order is extended to **November 23, 2018**.[1]

**IT IS FURTHER ORDERED** that information and responses to settlement demands required under this Order shall be provided on a rolling basis.

**Failure to comply with the requirements of this Order may result in sanctions.**

Signed in Baton Rouge, Louisiana, on October 3, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] While the thirtieth day would be November 22, 2018, that date is Thanksgiving, a legal holiday.